[Sac. No. 4364. In Bank.—March 27, 1931.]

A. A. DREWS, Appellant, v. J. GIRSH et al., Respondents.

A. P. Hayne for Appellant.

McNoble, Parkinson & Coblentz for Respondents.

LANGDON, J.—This is an action brought by plaintiff to have determined the amount due under a note secured by a deed of trust on certain real property.

The essential facts, as we view them, are as follows: Plaintiff Drews was the owner of a ranch. He entered into an agreement to purchase from defendant Girsh another ranch, the price payable in installments. Under that contract plaintiff and his wife went into possession of the property. In order to improve it, he desired to purchase two pumps. He was at this time in default on installments under the contract and was also unable to meet other obligations. In this extremity he approached defendant Girsh and the latter agreed to stand the cost of the pumps and other necessities, provided that security was given. Security was offered in the shape of a promissory note for $1,000, secured by a deed of trust on the ranch owned by plaintiff Drews. Thereafter plaintiff changed his mind and decided to take one large pump instead of the two previously chosen; and defendant Girsh made a down payment of $125 on it. Subsequently defendant Girsh made a payment constituting the balance of $600. He also paid various sums for title insurance, taxes, hay insurance, equipment, etc. The situation, then, is as follows: Plaintiff, the purchaser under an executory contract for the sale of real property, induced his vendor to pay a number of his bills for expenses and improvements, and in return gave him a note for $1,000, secured by a deed of trust on other property. There would seem to be no doubt that the holder of the note, having given consideration, is entitled to enforce it according to its tenor.

█ Plaintiff contends, however, that defendant is entitled to recover only the sum of $100; and in support of this contention points to another transaction between the parties. It appears that plaintiff defaulted on his contract of purchase, and that on June 11, 1928, he gave up his interest therein by making a quitclaim deed to defendant Girsh. Plaintiff claims that any sums paid by defendant Girsh after the execution of the quitclaim deed were wholly voluntary on his part, and resulted in improvement of his own property; that therefore they cannot be included in determining the consideration supporting the note. This argument is completely answered by the following provision in the deed:

"First party also quitclaims to second party the personal property described in said agreement. By accepting this deed second party waives all claims for damages against first party, or his wife, arising by reason of their occupancy or use of any of the property herein described, or in any way connected with the transaction described in said recorded agreement herein referred to. First party does not, by this deed, consent to any of the charges made in that certain memorandum delivered to first party by second party on June 8, 1928, or to the application of any part of a certain sum of one thousand dollars raised by second party on the security of certain land of first party, to any of said charges, nor does second party waive any rights thereunder, *this instrument not having any bearing upon said other transaction whatever.*" (Italics ours.)

The plain purport of this provision, considered in the light of the circumstances, is this: Defendant Girsh had a right of action against plaintiff for the balance of the purchase price due under the contract, and gave up that right upon a return of the property by quitclaim deed. But having already paid certain sums on behalf of plaintiff, and believing himself obligated to make other payments, as, e. g., the balance of $600 due on the pump contract, defendant Girsh determined to hold plaintiff liable on his promissory note. Hence the deed was made to state expressly that this liability is unaffected by it.

Without going into a discussion of propositions of law presented in appellant's brief which have no application to the facts of this case, we conclude that there is nothing

in the record to show that the liability assumed by plaintiff on his promissory note is not valid and subsisting.

The judgment is affirmed.

Shenk, J., Richards, J., Seawell, J., Preston, J., Curtis, J., and Waste, C. J., concurred.